ROBERT S. BREWER, JR.
United States Attorney
DAVID J. RAWLS
Assistant U.S. Attorney
District of Columbia Bar No. 974620
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-7966
E-mail: david.rawls@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. '19CV2311 DMS BGS |
|---|---|
| Plaintiff, | COMPLAINT FOR FORFEITURE |
| v. | |
| 2005 INFINITY FX35, CA. LICENSE 6GYJ314, VIN: JNRAS08U75X109043, | |
| Defendant. | |

By way of complaint against the Defendant listed in the caption above, the United States of America alleges:

1. This Court has jurisdiction over this action by virtue of the provisions of Title 28, United States Code, Sections 1345 and 1355(a), because the action has been commenced by the United States, and because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. This Court has *in rem* jurisdiction over the Defendant, because the Defendant was seized in this district, and the acts or omissions giving rise to the forfeiture of the Defendant occurred in this district.

2. Venue is proper in this district pursuant to Title 28, United States Code, Section 1395 because the Defendant was found and is located in this district. Venue is also proper in this district pursuant to Title 28, United States Code, Section 1355(b) because the acts and omissions giving rise to this forfeiture action occurred in this district.

**The SENTRI Violations**

3. The United States Customs and Border Protection ("CBP"), is an agency within the United States Department of Homeland Security. CBP is the nation's comprehensive border security agency with a focus on maintaining the nation's boundaries and ports of entry by developing seamless security procedures and ensuring compliance with the nations' immigration, health, and international trade law regulations.

4. To facilitate efficient processing of traffic arriving in the United States through ports of entry on the United States land borders, CBP has developed a trusted-traveler program known as the Secure Electronic Network for Travelers Rapid Inspections ("SENTRI"). SENTRI allows for expedited clearance for pre-approved, low-risk travelers upon arrival in the United States, through dedicated special inspection lanes at ports of entry.

5. Individuals who wish to be enrolled in the SENTRI program must submit an application, undergo a background investigation, and appear for a personal interview. As early as June 2014, CBP's official website has indicated that individuals may be ineligible for the SENTRI program, if among other things, they have been convicted of any criminal offense or have pending criminal charges or outstanding warrants (to include driving under the influence).[1]

6. SENTRI lanes are reserved strictly for SENTRI cardholders. To maintain the trusted-traveler program's integrity, and to continue lowering wait times for the SENTRI lanes, CBP has prioritized disincentivizing non-SENTRI travelers from using the SENTRI program's dedicated lanes.  CBP identifies this conduct as SENTRI No Tag violations. CBP has disincentivized SENTRI No Tag violations by first having CBP officers issue warnings to violators of possible penalties for repeated violations.  CBP officers do in fact assess penalties to repeat violators. The penalties for SENTRI No Tag violations have been codified in Title 19, United States Code, Sections 1436 (b) and 1433.

//

---

[1] https://web.archive.org/web/20140606033050/http://www.cbp.gov/travel/trusted-traveler-programs/sentri/sentri-eligibility (last reviewed November 4, 2019); See also https://www.cbp.gov/travel/trusted-traveler-programs/sentri/eligibility (last reviewed November 4, 2019).

7. CBP is responsible for operating the San Ysidro, California Port of Entry, Otay Mesa, California Port of Entry and the Calexico, California Port of Entry, which all participate in the SENTRI program, and contain SENTRI dedicated lanes.

8. On or about February 6, 2015, Ladislav Teshale Sucik ("Sucik"), a United States citizen, entered into the United States from Mexico, through a SENTRI lane at the San Ysidro Port of Entry. Sucik was not, and had never been enrolled in the SENTRI program. A CBP officer warned Sucik about possible future penalties for continuing to use the SENTRI lane without being enrolled in SENTRI. The CBP officer did not issue a penalty or seize Sucik's vehicle.

9. On or about February 7, 2015, Sucik submitted a SENTRI membership application to CBP. In his application, Sucik noted that he had two criminal convictions. Specifically, Sucik had been convicted for reckless driving in 2009 and DUI in 2012. On March 30, 2015, CBP sent a letter to Sucik, which stated that Sucik's application for membership in SENTRI was rejected, due to Sucik's criminal convictions.

10. On or about April 20, 2016, approximately one month after receiving the SENTRI membership rejection letter from CBP, Sucik entered into the United States from Mexico through a SENTRI lane at the Calexico Port of Entry. A CBP officer informed Sucik of the requirement to be enrolled in the SENTRI program to use the SENTRI lane. The CBP officer did not issue a penalty or seize Sucik's vehicle.

11. On or about August 24, 2016, Sucik wrote a letter to CBP, requesting an appeal of the denial of his SENTRI application. Sucik also sent an electronic mail communication to CBP, wherein he inquired as to the status of the SENTRI appeal. On or about April 14, 2017, the CBP Ombudsman's office sustained the denial of Sucik's SENTRI program application.

12. On or about November 18, 2017, after Sucik's SENTRI application denial was sustained by the CBP Ombudsman's office, Sucik entered into the United States from Mexico through a SENTRI lane at the San Ysidro Port of Entry. Sucik told a CBP officer that he drove through the SENTRI lane on purpose. The CBP officer informed Sucik that

any subsequent unauthorized use of the SENTRI lanes would constitute a violation and could result in fines, penalties, and/or seizure of the vehicle. The CBP officer did not issue a penalty or seize Sucik's vehicle.

13. On or about July 19, 2019, after having been warned on multiple prior occasions about the consequences of continuing to use SENTRI lanes without admission into the program, Sucik entered into the United States from Mexico through a SENTRI Lane at the San Ysidro Port of Entry. Sucik entered into the SENTRI lane, while driving a vehicle. The CBP officer at the SENTRI lane identified the vehicle Sucik was driving as the Defendant. The CBP officer identified the vehicle as the Defendant, by among other things, observing the license plate on the vehicle and observing the aesthetic features on the vehicle. Sucik admitted to the CBP officer that he had previously used the SENTRI lane to cross into the United States from Mexico. The CBP officer at the SENTRI lane received a computer generated alert indicating that this was Sucik's third (3rd) SENTRI violation. Sucik was referred to secondary inspection. In secondary inspection, a CBP officer performed a vehicle seizure on the Defendant, for a SENTRI No Tag violation. Sucik was also assessed a penalty of $5,000 USD for a SENTRI No Tag violation, and was provided payment instructions. Sucik was presented with Customs Form 4609 and Election of Proceedings, which he refused to sign without an attorney present. A CBP officer advised Sucik that Sucik would be assessed a fine of $10,000 for any subsequent SENTRI No Tag violations.

14. The current outstanding balance on Sucik's penalty is approximately $4,750 USD.

15. Sucik is not the registered owner of the Defendant. On or about July 22, 2019, Sucik sent a letter to CBP, stating that while the Defendant is not registered in his name, he had just purchased it, and was on his way to register it. Sucik later sent additional supporting documentation to CBP to support his assertion.

//
//

# COUNT 1

<u>2005 INFINITY FX35, CA. LICENSE 6GYJ314, VIN: JNRAS08U75X109043</u>

16. The allegations contained in paragraphs 1 through 15 above are incorporated herein by reference and included as a part hereof.

17. The Defendant constitutes a conveyance used in connection with a violation of Title 19, United States Code, Section 1433, which requires the person in charge of an arriving vehicle to arrive only at border crossing points designated by the U.S. Department of Homeland Security, and present the vehicle, and all persons and merchandise, for inspection.

18. By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, the Defendant is subject to forfeiture under Title 19, United States Code, Section 1436(b).

The Defendant is in the custody of the United States, having been seized pursuant to legal process prior to the commencement of this action. The United States respectfully requests the Court authorize the United States Customs and Border Protection (or its designee) to take custody and control of the Defendant pursuant to Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the Defendant, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared.

DATED: December 4, 2019

ROBERT S. BREWER, JR.
United States Attorney

s/*David J. Rawls*
DAVID J. RAWLS
Assistant U.S. Attorney

5

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**19CV2311 DMS BGS**

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
2005 INFINITY FX35, CA. LICENSE 6GYJ314, VIN: JNRAS08U75X109043

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA David J. Rawls, Phone: (619) 546-7966
USAO, 880 Front Street, Room 6293, San Diego, CA 92101-8893

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☒ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
19 U.S.C. Section 1433
Brief description of cause:
Failure to Report Arrival

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/04/2019

SIGNATURE OF ATTORNEY OF RECORD: s/ David J. Rawls

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## VERIFICATION

I, Nicolas Gonzales Jr, state and declare as follows:

1. I am an officer with the United States Customs and Border Protection, and have read reports and talked to the federal law enforcement officers involved in this investigation.

2. I have read the foregoing Complaint For Forfeiture and know its contents.

3. The facts set forth in the Complaint For Forfeiture are based upon my own knowledge or were facts furnished to me by official Government sources.

Based on this information, I believe the allegations in the Complaint For Forfeiture to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on November 14, 2019.

_____
*Nicolas Gonzales Jr./CBP Supervisory Officer*
UNITED STATES CUSTOMS AND BORDER PROTECTION